# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Carol Sue Kusk f/k/a Carol Sue Hall,

                Petitioner,

v.

John Doe,

                Respondent.

_____/

Case No. 16-cv-14423

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

# OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Carol Sue Kusk f/k/a Carol Sue Hall filed her *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 2014 Oakland County Circuit Court conviction for domestic assault. After exhausting her state remedies, Petitioner filed the petition at issue here with the United States District Court for the Western District of Michigan, and the case was transferred to this Court on December 21, 2016. (Dkt. 1.) Because Petitioner has already fully served her sentence, the petition is summarily denied, a certificate

of appealability is denied, and leave to proceed *in forma pauperis* on appeal is denied.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily deny the petition. 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (under § 2243, the district court has a duty to screen out a habeas corpus petition which is meritless on its face). "[P]etitions that raise legally frivolous claims" and those "containing factual allegations that are palpably incredible or false" must be screened under Rule 4. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a) (emphasis added). Once a habeas petitioner has fully served her sentence, she is no longer "in custody" for the purposes of bringing a petition pursuant to § 2254(a). *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

On May 25, 2016, the Michigan Supreme Court reinstated Petitioner's conviction and ninety-three day sentence, thus exhausting her state remedies. (*See* Dkt. 1-1 at 18.) According to the docket at Oakland County Circuit Court, Petitioner began her ninety-three day sentence on September 10, 2014. Petitioner must have fully served her sentence by this time. Thus, the Court lacks subject matter jurisdiction to hear Petitioner's challenges to her conviction.

For the reasons set forth above, the petition for a writ of habeas corpus (Dkt. 1) is summarily DENIED WITH PREJUDICE.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the

substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Reasonable jurists would not find the denial of this habeas petition on jurisdictional grounds debatable.

Accordingly, the Court DENIES a certificate of appealability. The Court also DENIES Petitioner leave to proceed *in forma pauperis* on appeal because an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: January 13, 2017       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2017.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
                                        Case Manager